UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARSHA A. HICKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-414 RM |
| ) | |
| MICHAEL J. ASTRUE,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Plaintiff Marsha Hicks notified the court in November that a significant part of the administrative record appeared to be missing and requested that the briefing schedule be stayed to afford the parties an opportunity to resolve the problem. The court granted Ms. Hicks's motion, directed that any supplement to the administrative record be filed by December 15, and extended the plaintiff's briefing deadline to January 29, 2007. When the plaintiff's attempts to secure the missing documents from the defendant within the time provided proved unavailing, she filed a motion to remand [Docket No. 18].

Perhaps motivated by the remand possibility, the Commissioner of Social Security filed a 404-page supplement to the administrative record on February 7,

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), JoAnne Barnhart's successor, Michael J. Astrue, is automatically substituted as the named defendant in this cause.

2007,[2] more than seven weeks after the filing deadline had elapsed. The Commissioner did not respond to the motion to remand, explain his reasons for failing to comply with the court's November 22 order, or request leave to file after the deadline.

An attorney from the Office of General Counsel reportedly advised plaintiff's counsel that the administrative record was now complete and that he would file a motion for a new briefing schedule, which would render the motion for remand moot. When no such motion was forthcoming, the plaintiff was required to act to preserve her right to judicial review, and moved to reset the briefing schedule [Docket No. 22].

Remand is warranted when the administrative record is incomplete, see Callis v. Dept. of Health and Human Services, 877 F.2d 890, 892 (11th Cir. 1989), but the error in the record has been corrected, albeit belatedly, and the plaintiff has indicated that she is willing to proceed on her claim for judicial review. Accordingly, the plaintiff's motion to remand [Docket No. 18] is DENIED, and her motion to reset the briefing schedule [Docket No. 22] is GRANTED.  Plaintiff shall have to and including April 2, 2007 to file her opening brief.  The Commissioner's response shall be filed by May 17, 2007, and any reply shall be filed by June 1, 2007.

---

[2] The supplement almost doubled the size of the administrative record that was filed on September 12, 2006.

The court reminds the Commissioner that the schedule that governs proceedings in this court are those set by the court and by the court rules, not those set by either party. If the Commissioner is unable to comply with the deadlines that apply in this case, the Commissioner must seek enlargements of those deadlines, or face orders that flow from non-compliance. The court recognizes that the Commissioner's counsel faces deadlines in many courts, but the court cannot be understanding of reasons never offered, and will grant no more enlargements not requested. Given what has gone before in this case, the court expects the Commissioner to comply with today's deadlines.

SO ORDERED.

ENTERED:   February 20, 2007

　　　　　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court